IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael Graham, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-1588 |
| ) | Chief Judge Ambrose |
| Pennsylvania Board of Probation ) | Magistrate Judge Caiazza |
| and Parole, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Michael Graham, a former state prisoner, be denied because it is now moot. Likewise, a certificate of appealability should be denied.

### II. **REPORT**

Michael Graham ("Graham" or "the Petitioner"), who filed this federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254, was a state prisoner formerly incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. Graham challenges the 2003 decision of the Pennsylvania Board of Probation and Parole ("the Board") recommitting him to serve the remainder of a sentence originally imposed in 1994. With respect to that sentence, Graham's maximum incarceration date expired on March 31, 2007. A search of the Commonwealth of Pennsylvania,

Department of Corrections' website shows that Graham is no longer in custody. He also filed a change of address notice on May 1, 2007, evidencing further that he is no longer incarcerated. (Doc. 12).

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir.2002)(finding that an actual controversy must exist during *all* stages of litigation). When a habeas petitioner challenges his or her underlying conviction, and he or she is released during the pendency of his or her habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998) (citing Sibron v. New York, 392 U.S. 40, 55-56 (1968)). The Spencer court, however, citing Lane v. Williams, 455 U.S. 624 (1982), "decline[d] to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation." Spencer, 523 U.S. at 13.

Here, Graham's claim does not address his underlying conviction; nor does he assert any injury-in-fact occasioned by the Board's decision to recommit him as a parole violator.[1] Consequently, under

---

1. Graham does claim that "being on parole is actually a form of incarceration [b]ecause I can still lose my liberty." (Doc. 4). This claim fails to raise an injury-in-fact which requires any discussion.
(continued...)

the un-controverted facts in this record, Graham has not alleged any continuing collateral consequences arising from the challenged action of the Board.

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Graham has not satisfied his burden, a certificate of appealability should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Petitioner is allowed until May 31, 2007 to file written objections to this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
United States Magistrate Judge

Dated: May 15, 2007

cc:
MICHAEL GRAHAM
310 Giffin Avenue
Pittsburgh, PA 15210

---

(...continued)
His maximum incarceration term expired on March 31, 2007.

- 3 -